Filed 3/12/24  P. v. Gutierrez CA4/3

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Appellant,<br><br>        v.<br><br>DANIEL JUNIOR GUTIERREZ,<br><br>    Defendant and Respondent. | G062269<br><br>(Super. Ct. No. 22NF1269)<br><br>ORDER MODIFYING OPINION;<br>NO CHANGE IN JUDGMENT |

It is ordered that the opinion filed herein on March 11, 2024, be modified to correct the caption as follows:

Delete the following:  "Plaintiff and Respondent,"

And in its place insert:  "Plaintiff and Appellant,"

Delete the following:  "Defendant and Appellant."

And in its place insert:  "Defendant and Respondent."

This modification does not effect a change in the judgment.


                                    GOETHALS, ACTING P. J.

WE CONCUR:


MOTOIKE, J.


GOODING, J.

Filed 3/11/24  P. v. Gutierrez CA4/3 (unmodified opinion)

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>DANIEL JUNIOR GUTIERREZ,<br><br>    Defendant and Appellant. | G062269<br><br>(Super. Ct. No. 22NF1269)<br><br>O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Jeff Ferguson, Judge.  Reversed and remanded.

Todd Spitzer, District Attorney, and Matthew Plunkett, Deputy District Attorney, for Plaintiff and Appellant.

Sheila O'Connor, under appointment by the Court of Appeal, for Defendant and Respondent.

\*          \*          \*

Daniel Junior Gutierrez was charged in 2022 with a single count of violating Penal Code[1] section 25850, subdivisions (a) and (c)(6), which prohibits the unlicensed public carry of loaded firearms. Gutierrez moved to dismiss the charge on constitutional grounds, citing *New York State Rifle & Pistol Assn., Inc. v. Bruen* (2022) 597 U.S. 1 (*Bruen*), which held that the "proper cause" requirement in New York's public carry licensing regime violated the Second and Fourteenth Amendments. Gutierrez asserted that section 25850 and California's entire firearm licensing scheme, which at the time allowed the issuance of a concealed carry permit only upon a showing of "good cause," among other requirements, were invalid under *Bruen*.

The trial court found section 25850, subdivision (c)(6), was unconstitutional as applied to Gutierrez and dismissed the charge. The People appealed. While their appeal was pending, the California Legislature amended the relevant licensing statutes to remove the "good cause" requirement, consistent with the *Bruen* decision.

We reverse the trial court's dismissal of the charge against Gutierrez. As other California appellate courts have recognized, *Bruen* invalidated the now-deleted "good cause" requirement in two of California's firearm licensing statutes; it did not invalidate the entire state licensing scheme. Because the "good cause" requirement is severable from California's licensing scheme under the severability doctrine, the remainder of the licensing scheme as it existed when Gutierrez was charged, including section 25850, remains constitutional. We therefore reverse the trial court's order dismissing the charge against Gutierrez and remand this matter for further proceedings.

---

[1] All further statutory references are to this code.

2

## BACKGROUND

Before turning to the facts of this case, we summarize the relevant statutes at play. As noted, section 25850 makes it a crime to publicly carry a loaded firearm on one's person or in a vehicle.[2] "Although framed as a default prohibition, section 25850 is in effect the enforcement mechanism of a regulatory regime that grants licenses to those who may lawfully carry firearms and withholds licenses from those who may not." (*In re T.F.-G.* (2023) 94 Cal.App.5th 893, 915 (*T.F.-G.*).) In isolation, section 25850 "appears broadly prohibitory, [but] it exists within a framework of numerous express exemptions." (*T.F.-G,* at p. 908.) One such exemption is section 26010, which provides that section 25850 does not apply to persons with concealed carry permits issued under sections 26150 to 26235.

Until recently, those concealed carry licensing provisions were discretionary in nature in that they granted the issuing authority discretion to issue the license and required the applicant to prove, among other things, that "good cause" existed for the issuance of the license. For example, at the time Gutierrez was charged, section 26150 provided that "the sheriff of a county *may* issue a [concealed carry] license to [an eligible applicant] upon proof of all of the following: [¶] (1) The applicant is of good moral character. [¶] (2) *Good cause exists for issuance of the license*. [¶] (3) The applicant is a resident of the county or a city within the county, or the applicant's principal place of employment or business is in the county or a city within the county and the applicant spends a substantial period of time in that place of employment or business. [¶] (4) The applicant has completed a course of training [relating to firearms safety,

---

[2] Section 25850, subdivision (a), provides: "A person is guilty of carrying a loaded firearm when the person carries a loaded firearm on the person or in a vehicle while in any public place or on any public street in an incorporated city, city or county, or in any public place or on any public street in a prohibited area of an unincorporated area of a county or city and county."

handling, shooting, and permissible usage].” (Former § 26150, subd. (a)(1-4), as adopted by Stats. 2015, ch. 785, § 2, italics added.) Section 26155 employed similar language. (See former § 26155, subd. (a), added by Stats. 2010, ch. 711, § 6 [“the chief or other head of a municipal police department of any city or city and county” may similarly issue licenses]; see also former § 26202, added by Stats. 2011, ch. 741, § 3 [if the licensing authority determines good cause does not exist, it must state the reason for that determination].)

The issue in this case is whether this licensing scheme runs afoul of the Second Amendment right to keep and bear arms. We therefore briefly summarize the decisions that led up to the present case.

In *District of Columbia v. Heller*, the United States Supreme Court held that the Second Amendment confers an individual right to keep and bear arms for the core lawful purpose of self-defense and that a district ban on handgun possession in homes was therefore unconstitutional. (*District of Columbia v. Heller* (2008) 554 U.S. 570, 595, 630 (*Heller*).) But the court also noted that “the right secured by the Second Amendment is not unlimited” and does not include “a right to keep and carry any weapon whatsoever in any manner whatsoever and for whatever purpose.” (*Id.* at p. 626.) For example, “prohibitions on the possession of firearms by felons and the mentally ill [and] laws forbidding the carrying of firearms in sensitive places such as schools and government buildings” (*ibid.*) are “presumptively lawful regulatory measures” (*id.* at p. 627, fn. 26).

Following *Heller*, California courts rejected various Second Amendment challenges to California firearms regulations. (See *People v. Yarbrough* (2008) 169 Cal.App.4th 303, 309-314 (*Yarbrough*) [upholding conviction for possessing concealed weapon on private property (former § 12025, subd. (a)(2))]; *People v. Flores* (2008) 169 Cal.App.4th 568, 573-577 [upholding convictions for possessing firearm by person prohibited from possessing a firearm (former § 12021, subd. (c)(1)), carrying a

4

concealed firearm (former § 12025, subd. (a)(2)), and carrying a loaded firearm in a public place (former § 12031, subd. (a)(1))].)

In *Yarbrough*, the court observed "the *Heller* opinion specifically expressed constitutional approval of the accepted statutory proscriptions against carrying concealed weapons," so "in the aftermath of *Heller* the prohibition 'on the carrying of a concealed weapon without a permit, continues to be a lawful exercise by the state of its regulatory authority notwithstanding the Second Amendment.'" (*Yarbrough,* 169 Cal.App.4th at p. 314.)

Then came *Bruen*. In 2022, in a six-to-three decision, the United States Supreme Court extended *Heller* to recognize "an individual's right to carry a handgun for self-defense *outside* the home." (*Bruen, supra*, 597 U.S. at p. 10, italics added.) After clarifying the proper test for analyzing challenges under the Second Amendment (*id.* at pp. 22-24), *Bruen* held that New York's concealed carry licensing scheme, which required applicants to demonstrate "proper cause" to get a license, was unconstitutional because it prevented law-abiding citizens with ordinary self-defense needs from exercising their right to keep and bear arms (*id.* at p. 71). In reaching its conclusion, the court contrasted the proper cause requirement in "may issue" concealed carry licensing regimes, such as New York's and California's, with "shall issue" jurisdictions, where authorities must issue concealed-carry licenses whenever applicants satisfy specific threshold requirements. (*Id*. at pp. 13-15.)

The day after the *Bruen* decision was issued, the California Attorney General issued an alert recognizing that the "good cause" requirements in former sections 26150, subdivision (a)(2), and 26155, subdivision (a)(2), were no longer constitutional or enforceable. The alert instructed local officials not to enforce the good cause requirement but to otherwise continue to apply and enforce all other statutory prerequisites to obtaining a public-carry license (e.g., the requirements of showing good moral character, residency, training, fingerprinting, and a background check). (See

5

Attorney General Legal Alert dated June 24, 2022,
https://oag.ca.gov/system/files/media/legal-alert-oag-2022-02.pdf [as of March 7, 2024],
archived at https://perma.cc/6RU3-7XDB.)

About that same time, Gutierrez was arrested and charged with a single
count of violating section 25850, subdivisions (a) and (c)(6).  He filed a demurrer and
nonstatutory motion to dismiss the charge as unconstitutional.  In his moving papers,
Gutierrez asserted the "good cause" requirement for concealed carry licenses in
California is unconstitutional under *Bruen*, and since section 25850 operates as a total
ban on public carry it is also unconstitutional.

The trial court granted Gutierrez's motion and dismissed the charge against
him.  Although it declined to reach the issue of whether California's licensing scheme as
a whole is constitutionally void, the trial court concluded that under the "expansive"
*Bruen* decision, section 25850 was unconstitutional *as applied* to Gutierrez, whom the
court described as "a law-abiding adult in possession of the firearm for the purposes of
self defense."

The People filed a notice of appeal.  While their appeal was pending, the
California Legislature amended sections 26150 and 26155 to remove the "good cause"
and good character requirements and to make issuance of a concealed carry license
mandatory if certain requirements are met ("shall issue"), rather than discretionary ("may
issue").  (See Stats. 2023, ch. 249, §§  10-11, eff. Jan. 1, 2024.)

**DISCUSSION**

As an initial matter, the People contend Gutierrez lacks standing to
challenge California's concealed carry licensing scheme, since he never applied for a
concealed carry permit.  We assume without deciding that Gutierrez does have standing
to challenge the scheme's constitutionality.  (See *People v. Miller* (2023) 94 Cal.App.5th
935, 942 (*Miller*) ["We assume without deciding that Miller had standing to raise the

6

arguments she asserted in her demurrer" on the constitutionality of California's concealed carry prohibitions]; cf. *In re D.L.* (2023) 93 Cal.App.5th 144, 161 (*D.L.*) [juvenile who was subjected to a true finding that he unlawfully possessed a loaded firearm had standing to bring facial challenge to the constitutionality of section 25850].)

According to Gutierrez, California's entire concealed carry licensing scheme is facially unconstitutional because, just like New York's statutory licensing scheme at issue in *Bruen*, California's licensing procedure is discretionary in nature and allows an official to deny a concealed carry permit if he determines there is no "good cause" to issue it. The People concede the now-removed "good cause" requirement in sections 26150 and 26155 of California's concealed carry licensing scheme is unconstitutional under *Bruen*, but assert the "good cause" requirement is severable from the rest of the statutory scheme, which otherwise remains constitutional.

Gutierrez's facial challenge to the concealed carry licensing scheme presents a pure question of law, which we review de novo. (*D.L., supra,* 93 Cal.App.5th at p. 156.) After conducting a de novo review, we conclude Gutierrez's constitutional challenge is without merit.

*Bruen* invalidated only one of California's statutory prerequisites for obtaining a public carry license—the "good cause" requirement in former sections 26150 and 26155. It did not invalidate all public carry licensing statutes or prohibit states from requiring individuals to submit to certain licensing requirements in order to legally possess a firearm. Indeed, the *Bruen* court confirmed that states may validly impose "reasonable, well-defined restrictions" on the "right to bear commonly used arms in public." (*Bruen, supra,* 597 U.S. at p. 70.) It also noted that nothing in the opinion should be interpreted to suggest that "shall-issue" licensing regimes, "which often require applicants to undergo a background check or pass a firearms safety course," are unconstitutional. (*Id.* at p. 38, fn. 9; see also *id*. at pp. 79-80 (conc. opn. of Kavanaugh, J.) [noting the court's "decision does not prohibit States from imposing

7

licensing requirements for carrying a handgun for self-defense," and explaining that "'shall-issue' regimes," which often require the applicant "to undergo fingerprinting, a background check, a mental health records check, and training in firearms handling and in laws regarding the use of force," are "constitutionally permissible"].)

The key question then is what impact the unconstitutional, now-deleted "good cause" licensing requirement has on the rest of California's licensing laws. The answer is little or none. As several courts have already recognized, the "good cause" requirement is severable from the balance of California's licensing requirements under the severability doctrine. (*D.L., supra*, 93 Cal.App.5th at pp. 163-165; see also *T.F.-G.*, *supra*, 94 Cal.App.5th at p. 916.) After severing the now-deleted "good cause" requirement, a valid and functioning licensing regime which is enforceable remains in place.

We are not alone in reaching this conclusion. Our sister courts have uniformly rejected the argument that California's licensing scheme is unconstitutional under *Bruen*. (*People v. Mosqueda* (2023) 97 Cal.App.5th 399, 403 ["*Bruen* did not render California's entire licensing scheme or the charges against them unconstitutional" because "[t]he offending 'good cause' requirement is severable from the remainder of the licensing statute, as is the 'good moral character' element"]; *T.F.-G.*, *supra*, 94 Cal.App.5th at p. 899 ["Although California's 'good cause' licensing requirement is undisputedly unconstitutional under *Bruen*, [that] . . . does not render section 25850 facially unconstitutional"]; *D.L.*, *supra,* 93 Cal.App.5th at pp. 147-148 [rejecting facial challenge to § 25850, subd. (a) (carrying a loaded firearm) and concluding "[i]t remains constitutional to punish someone without a license for carrying a loaded gun in public"]; *Miller, supra,* 94 Cal.App.5th at p. 943-946 [reversing order sustaining demurrer to charge of carrying a concealed firearm in a vehicle under one's control (§ 25400), finding charge was constitutional].)

In *D.L.*, our colleagues in the First District found that after severing the "good cause" licensing requirement from former sections 26150 and 26155, "California's firearm licensing framework—and the criminal penalties under section 25850—remain valid." (*D.L., supra,* 93 Cal.App.5th at p. 165.) The court reasoned that "the *Bruen* majority's actual holding was quite limited—that New York's 'proper-cause' licensing requirement was unconstitutional," and "*Bruen* did not undermine regulation of guns based on objective criteria." (*Ibid.*) We agree.

The *D.L.* court also rejected constitutional challenges to the "may issue" language and "good moral character" requirement in sections 26150 and 26155. (*D.L., supra,* 93 Cal.App.5th at p. 166.) The defendant in *D.L.* made arguments similar to those offered by Gutierrez here: that even if the "good cause" condition can be severed, sections 26150 and 26155 are still unconstitutional under *Bruen* because (1) they afford unfettered discretion to the relevant law enforcement official who "may issue" a license under each statute, and (2) the statutes still include a subjective condition that the applicant be of "good moral character." (*Ibid.*)

The *D.L.* court rejected those arguments on several grounds. It reasoned that "D.L.'s argument is not supported by the actual holding in *Bruen*. As described above, that holding was based on the 'proper cause' language in the New York statute, not on its use of the phrase 'may issue.' [Citation.] Nor did *Bruen* include any holding regarding the 'good moral character' condition. [Finally,] D.L.'s new argument concerning the 'may issue' language in sections 26150 and 26155 is an 'as applied' constitutional challenge and not a facial challenge because the argument would not apply in all circumstances." (*D.L., supra,* 93 Cal.App.5th at p. 166.) "For all of these reasons," the *D.L.* court "conclude[d] that section 25850 is enforceable and is not unconstitutional on its face. It does not pose a present total and fatal conflict with applicable constitutional prohibitions." (*Id.* at p. 167.) Again, we agree.

9

## DISPOSITION

The trial court's order dismissing the charge against Gutierrez is reversed, and the matter is remanded with directions to reinstate the case against him.


GOETHALS, ACTING P. J.

WE CONCUR:


MOTOIKE, J.


GOODING, J.